No. 69211.—H. Cohen Import Co. et al. v. United States, protests 63/13265, etc. (New York).

RAO, Judge: The merchandise covered by the protests, listed in the schedule attached to this decision and made a part hereof, which have been consolidated for purposes of trial, consists of cotton velveteens which were classified as such and assessed with duty at the respective rate or rates applicable thereto in paragraph 909 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877.

It was claimed in said protests that said merchandise is properly dutiable at the rate of 12 per centum ad valorem or at the rate of 11 per centum ad valorem, depending upon the date of entry, pursuant to the provision in paragraph 907 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and supplemented by Presidential proclamation, 92 Treas. Dec. 175, T.D. 54399, for waterproof cloth, wholly or in chief value of cotton.

At the trial of this action, a witness for plaintiffs, who testified that he is the owner of both H. Cohen Import Co. and B. Platovsky Textile Co., in whose names these protests have been filed, identified seven samples as representative

of the merchandise included in the entries covered by said protests. More particularly, he stated that plaintiffs' exhibit 1 represents the merchandise covered by entry No. 802869 in protest 63/13265; plaintiffs' exhibit 2 is representative of quality No. 20,000 in entry 775665 of protests 62/16433 and 62/16434; plaintiffs' exhibit 3 is representative of quality No. 3,000 in said entry 775665; plaintiffs' exhibit 4 is representative of quality No. 1,500 in said entry 775665; plaintiffs' exhibit 5 is representative of quality No. 9,000 in entry No. 728160 of protests 62/16433 and 62/16434; plaintiffs' exhibit 6 is representative of quality No. 20,000 in said entry No. 728160; and plaintiffs' exhibit 7 is representative of quality No. 3,000 in said entry No. 728160.

The samples were referred to the United States Customs Laboratory for a determination of whether they possessed the capacity to withstand water penetration as measured by the so-called cup test.

The samples were returned without testing, however, for the reason that they were too small to be subjected to the necessary manipulations, and counsel for plaintiffs sought to introduce additional samples under a stipulation to the following effect: That a piece of red cloth, received in evidence as plaintiffs' exhibit 8, was representative of the merchandise previously marked plaintiffs' exhibit 1; that a piece of blue cloth, received in evidence as plaintiffs' exhibit 9, was representative of plaintiffs' exhibits 2 and 6; that a second piece of blue cloth, identified as quality number 3,000, received in evidence as plaintiffs' exhibit 10, was similar in all material respects to plaintiffs' exhibits 3 and 7; and that a piece of red cloth bearing quality number 9,000, received in evidence as plaintiffs' exhibit 11, was similar in all material respects to plaintiffs' exhibit 5.

Counsel for the Government did not accept the stipulation in the terms stated, nor would she concede that the proffered samples were representative of the previously admitted samples, insofar as any alleged waterproofing process was concerned. She consented to the admission of the additional samples solely upon the basis that they were made of a similar quality of cotton velveteen.

Subject to the stated limitations, which were agreed to by counsel for plaintiffs, said exhibits were received in evidence, and, by further agreement of counsel and pursuant to direction of the court, were forwarded to the United States Customs Laboratory for subjection to the cup test.

It was further stipulated at this hearing that plaintiffs' exhibit 6 in the case of *H. Cohen Import Co. et al.* v. *United States*, 49 Cust. Ct. 230, Abstract 67046 (protests 61/5380, etc.), was representative in all material respects of the merchandise illustrated in the present record by plaintiffs' exhibit 4, and said exhibit 6 was received in evidence as plaintiffs' exhibit 12. Said Abstract 67046 was received in evidence subject to the proviso that it be limited to said exhibit 4. Counsel for the Government specifically objected to the use of the incorporated record for any other purpose for the reason that "there is no showing that the other merchandise is similar in all material respects * * *." With the same limitation, the report of the United States Customs Laboratory, which had been received in evidence in the incorporated case, was marked plaintiffs' exhibit 13 in the instant case.

Plaintiffs' exhibits 8, 9, 10, and 11 were also found to be too small for testing and, in an effort to establish that the merchandise at bar was, in fact, waterproof cloth, counsel for the plaintiffs endeavored to show the similarity of the instant samples with those in the cited case, by the following stipulation: That exhibit 1 in the case at bar is similar to exhibit 7 in the incorporated case; that exhibits 2 and 6 in the case at bar are similar in all material respects to exhibit 1 in the incorporated case; that exhibits 3 and 7 in the case at bar are similar in

all material respects to exhibit 2 in the incorporated case; and that exhibit 5 in the case at bar is similar in all material respects to exhibit 3 in the incorporated case.

Again counsel for the Government refused to agree to the proposed stipulation, but stated a willingness to concede "not that the merchandise of the offered exhibits are similar in all material respects but they are similar insofar as that they are similar to that quality of velveteen, that type of velveteen which comprised the previous exhibits, but that it is not similar insofar as any alleged chemical process or waterproofing was performed on the samples. That is something of which we have no knowledge."

As so limited, the stipulation was accepted by counsel for the plaintiffs and the aforementioned exhibits in the incorporated case were respectively received in evidence in the instant case as plaintiffs' exhibits 14, 15, 16, and 17. Without further objection, the remainder of the laboratory report in the incorporated case was received in evidence as plaintiffs' exhibit 18, and the entire record in the decided case was also received in evidence.

We have set forth the proceedings in this action at some length because we are of opinion that there is much significance to the caution exhibited by counsel for the Government in consenting to the admission of the exhibits upon which plaintiffs' claim for recovery herein necessarily rests.

It appears to be the position of the plaintiffs that the instant record constitutes at least a *prima facie* showing that the subject merchandise consists of water-repellent velveteen similar in all material respects to the merchandise involved in the case of *United States* v. *D. H. Grant & Co., Inc.*, 47 CCPA 20, C.A.D. 723, which case was incorporated into the record in the *Cohen* case, *supra*.

We are inclined to the view, however, that the limited concessions of counsel for the Government have the effect of negativing any relevance between the proof in the decided case and the exhibits in the instant case. In the absence of a showing, by stipulation or otherwise, that the merchandise in the case at bar, as illustrated by the samples in evidence, is the same or similar to the merchandise in the incorporated record, we are unable to perceive the connection between a conclusion reached as a result of a laboratory analysis of previously admitted samples, and the merchandise at bar. So long as that characteristic of cotton velveteen which determines its classification within the provisions of paragraph 907, as modified, *supra*, depends upon treatment with a waterproofing solution which imparts a capacity to withstand water penetration for upwards of 24 hours, as found in the cup test, it seems obvious that it is this characteristic which the proof must establish.

There is no showing that the present importations were produced by the same manufacturers, by the same process, or even in the same countries, and the entries in the decided case are not available to the court for purposes of comparison.

The fact that a record is incorporated into evidence does not necessarily accord probative effect to all of the proof adduced therein. It remains subject to connection, and where identity is not shown to exist, proof of characteristics observable under analysis of one set of exhibits does not automatically apply to a different set of exhibits.

This court had occasion to study a problem of similar nature in the case of *Great Lakes Paper Company et al.* v. *United States*, 52 Cust. Ct. 64, C.D. 2438. We were there considering the relevance of a laboratory analysis of vegetable parchment paper in a previously decided case to subsequently imported paper also claimed to be vegetable parchment paper, and whether that analysis taken from a record incorporated into evidence was pertinent to establish the character of the paper in issue. It was our view that, in the absence of proof of

substantial similarity in the material respect which converted a paper into parchment paper, the mere fact of incorporation did not dictate that the characteristic of the one importation determined by analysis be held descriptive of the other.

So, in the instant case, and notwithstanding the fact that counsel for the Government has asked to be relieved from filing a brief, we are of opinion that there is a total absence of proof of whether or not the velveteen here involved has either been subjected to a waterproofing process or possesses the capacity to resist penetration of water for more than 24 hours, as determined by the cup test, except for such merchandise as was conceded to be similar in all material respects to that involved in the incorporated case, namely, the fabric illustrated by plaintiffs' exhibit 4, bearing quality number 1,500, and included in entry 775665, covered by protests 62/16433 and 62/16434. The claim in said protests is sustained only with respect to merchandise represented by said exhibit 4, which we hold to be dutiable at the rate of 12 per centum ad valorem, pursuant to paragraph 907, as modified and supplemented, *supra*. In all other respects, all other claims are overruled.

Judgment will be entered accordingly.