(C.D. 2933)

H. COHEN IMPORT CO. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [Abstract 69211] March 30, 1967)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* and *David Serko* of counsel) for the plaintiffs.

*Barefoot Sanders,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* and *Sheila N. Ziff,* trial attorneys), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: In a decision dated March 31, 1965, reported in 54 Cust. Ct. 377, Abstract 69211, this court overruled a claim on the part of plaintiffs above mentioned that certain imported cotton velveteens were waterproof cloth within the purview of paragraph 907 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and as supplemented by Presidential proclamation, 92 Treas. Dec. 175, T.D. 54399, for the reason that the record failed to show that the involved merchandise "has either been subjected to a waterproofing process or possesses the capacity to resist penetration of water for more than 24 hours, as determined by the cup test." [1]

These fabrics had been assessed with duty at the applicable rate or rates for cotton velveteens, as provided in paragraph 909 of said act, as modified by the Japanese Protocol to said General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877.

By order dated May 18, 1965, reported in 54 Cust. Ct. 433, Abstract 69312, a motion for a rehearing was granted and the case was restored to the calendar for further proof.

---

[1] This test was described by the Court of Customs and Patent Appeals in the case of *United States* v. *D. H. Grant & Co., Inc.,* 47 CCPA 20, 23, C.A.D. 723.

Additional evidence was adduced by plaintiffs at hearings held thereafter, through the testimony of Nathan Platovsky, owner of both plaintiff companies, and Gerald G. Harvey, technical director of the New York Testing Laboratories, Inc., together with a "REPORT OF TESTS" conducted by said laboratory and received in evidence as plaintiffs' exhibit 19.

From this proof, which has not been controverted, it now appears that prior to delivering to his attorneys plaintiffs' exhibits 1 through 7, introduced into evidence at the initial hearings in this case, Mr. Platovsky sent swatches of velveteen to the New York Testing Laboratories, Inc., to be tested for waterproofness. Upon the return of the samples, together with the laboratory's report, a half of each piece of fabric was retained by the witness for company records, and the remainder was forwarded to his counsel to be introduced into evidence.

It further appears that, when the samples were received by New York Testing Laboratories, Inc., they were subjected to the test prescribed by United States Customs Procedure 907.1–54 in the following manner:

In this case the velveteen material was spread over the top of a 2-liter beaker. A depression was made in the cloth at the top of the beaker, approximately one-half to two inches deep; the cloth is secured around the lip of the beaker with a rubberband; four hundred milliliters [of water] is placed on top of the secured velveteen in this pocket, and the sample was examined every half hour for approximately eight hours and then was allowed to stand for 24 hours and the material was examined to see that there was any penetration of water through the velveteen, and this indicates waterproofness.

The results of the tests performed under the supervision of the witness Harvey and stated in plaintiffs' exhibit 19 indicate that the samples conform to the standards specified, in that they resist water penetration under the above-described circumstances.

In view of the present state of the record, counsel for defendant acknowledges, and the court concludes, that it has now been *prima facie* established that the merchandise at bar, represented by samples in evidence as plaintiffs' exhibits 1 through 3 and 5 through 7 (plaintiffs' exhibit 4 having been previously held to be waterproof cloth), possesses that degree of imperviousness to water penetration within the standards specified by customs procedure and approved by our appellate tribunal in *United States* v. *D. H. Grant & Co., Inc., supra,* which entitles it to classification as waterproof cloth within the purview of paragraph 907 of the Tariff Act of 1930, as modified, *supra,* with the consequent assessment of duty, depending upon the dates of entry, at the rate of 12 per centum ad valorem or at the rate of 11 per centum ad valorem. The claim in the protests to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.