(C.D. 4139)

UNITED PURVEYORS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 3, 1970)

*Heiman & Crary* (*Eugene C. Heiman* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Peter Jay Baskin*, trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

ROSENSTEIN, Judge.   The merchandise of the consolidated protests herein, imported from El Salvador between January 22 and March 25 of 1964, was classified under TSUS item 148.15 as cantaloupes and assessed with duty at 35 per centum ad valorem. Plaintiff claims that these importations are not cantaloupes and are properly dutiable as "other melons" under TSUS item 148.25 at the rate of 17½ per centum ad valorem.[1]

At the trial, plaintiff moved to incorporate part of the record in *United Purveyors, Inc.* v. *United States*, 61 Cust. Ct. 9, C.D. 3508 (1968), which motion was granted over defendant's objection. Government counsel then moved to incorporate the balance of the record therein, without waiving his objection "as to the relevancy of the record at all" (R. 9). This motion was granted. Counsel for defendant also stated:

> Your Honor, I would like also to point out that plaintiff has not given Government notice of their intent to incorporate this record. I believe the record should indicate that. [R. 10.]

Plaintiff's counsel responded:

> On January 27th I think you will find we did write such a letter, and a copy was sent to counsel. [R. 10.]

---

[1] The pertinent provisions of the Tariff Schedules of the United States are as follows:
Melons, fresh, or prepared or preserved:
Fresh:
Cantaloupes:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| * * * | If entered during the period from August 1 to September 15, inclusive, in any year_____ | | | | | | * * * |
| | * | * | * | * | * | * | * |
| 148.15 | If entered at any other time_____ | | | | | | 35% ad val. |
| | * | * | * | * | * | * | * |
| | Other melons: | | | | | | |
| 148.25 | If entered during the period from December 1, in any year, to the following May 31, inclusive_____ | | | | | | 17.5% ad val. |

Citing Rule 20 of the rules of this court, and the failure to receive any notice of intent to incorporate the record in the earlier *United Purveyors* case, defendant urges that the incorporated record be excluded from consideration herein. Defendant asserts that its own motion to incorporate was a defensive tactic, not tantamount to a waiver of its objections to plaintiff's motion, which it would withdraw if its objections were upheld.

Rule 20 of the United States Customs Court provides as follows:

### Rule 20.   Records Introduced in Evidence

When a case is under consideration which involves questions of law and fact substantially the same in character as were involved in another case which has been previously decided, or tried and submitted to the court for decision, the record, or any part thereof, in such previous case may, within the discretion of the court, be admitted in evidence in the pending case upon motion of either party: *Provided*, That upon request of either party desiring to re-examine or cross-examine one or more of the witnesses who testified in said previous case and who are within the jurisdiction of the court, the court shall issue subpoenas requiring the attendance of any such witnesses for such purpose: *And provided further*, That any such witnesses, when produced, shall stand in the same position with reference to both parties as they stood in the original case. Notice of intention to make such motion to incorporate any such record shall be served on the opposite party at least 10 days before trial, except that at trials at ports other than New York, the notice shall be served at least 15 days before trial, unless such notice is waived. Service upon the United States of such notice shall be made upon the Assistant Attorney General in Charge of Customs at New York City.

The official court file herein contains a letter from plaintiff's counsel, dated January 27, 1970, addressed to the clerk of this court, stating:

Dear Sir:

The above styled cases are set for trial on March 3, 1970. Companion case Nos. 64/8182 – 64/8184 were previously tried by the Court. Inasmuch as certain evidence which was used in the prior trial will be utilized in the present cases, we would appreciate your forwarding the entire Court file in the prior cases (64/8182–64/8184), together with all exhibits and the transcript of testimony to the Clerk of the United States District Court for the Southern District of Florida, Miami Division, immediately so that said file and exhibits will be available for examination prior to the trial presently scheduled for March 3, 1970.

Respectfully,<br>/s/Eugene C. Heiman<br>For the Firm

There is no indication that a copy of this letter or notice of intent to incorporate the record in the aforementioned case was sent to, or in any manner served upon, the Assistant Attorney General in Charge of Customs at New York. Plaintiff makes no assertion of service other than the quoted comment of counsel at the hearing.

There is no need to discuss the basis for promulgation of Rule 20, or how failure to give notice as required may unduly prejudice the rights of the other party: its provisions are clear, unambiguous and, in the absence of waiver, mandatory. At no time did defense counsel waive the government's right to notice of plaintiff's intent to incorporate the testimony of witnesses in the prior case. In view of plaintiff's failure to comply with the compulsory requirements of Rule 20, the record in the incorporated case shall be disregarded, and defendant's motion to incorporate be deemed withdrawn.

The sole witness at the trial in March 1970 was Carl Susskind, secretary-treasurer of the plaintiff-importer during the period of importation involved. He produced a melon (exhibit 1, subsequently replaced by a photograph) from the "last shipment of the season" which was, although slightly smaller, allegedly similar in appearance to the merchandise at bar. It was "exactly the same variety of melon" about which he had testified in connection with protest 64/8182 (the incorporated case). The witness referred to the natural green color, slight netting, smooth skin and soft, watery meat of exhibit 1. To the best of his knowledge, he stated, melons of that type are sold throughout the United States as "Honey Rocks". Comparing exhibit 1 with cantaloupes, he described the latter as heavy, pearl grey in color, covered entirely with netting, rough skinned, and as having firm meat.

The witness inspected samples from every shipment of fruit, including Honey Rocks, intended for national distribution.

For the reasons stated with respect to the evidentiary effect of the incorporated record, we disregard the witness' testimony concerning a contract in evidence in the incorporated case.

In determining whether plaintiff has met its dual burden proving error in the collector's presumptively correct classification and of establishing the correctness of its asserted claim under the Tariff Schedules of the United States, we are limited to the evidence of record herein; we do not consider the testimony and exhibits in the incorporated record upon which plaintiff relies in large measure to sustain its burden of proof.[2]

---

[2] It may be noted, however, that the samples in an incorporated case do not necessarily establish either the validity of the claimed sample in a pending case or the alleged characteristics of the merchandise under consideration. *H. Cohen Import Co. et al. v. United States,* 54 Cust. Ct. 377, Abstract 69211 (1965), decided on rehearing, 58 Cust. Ct. 194, C.D. 2933 (1967); *Great Lakes Paper Company et al. v. United States,* 52 Cust. Ct. 64, C.D. 2438 (1964).

Thus, the principle of *stare decisis*, apparently urged by plaintiff in its assertion that the incorporated case is "on all fours factually" with the pending case, is not applicable unless similarity of issues, merchandise, and factual situation has been shown.[3]

And therein lies the heart of plaintiff's problem. The importer's case rests solely upon two things: The testimony of a witness whose experience, knowledge and familiarity with the characteristics of, and the trade and commerce in, cantaloupes and other melons are unknown factors; and a melon (or photograph thereof) taken from the end of the current (1970) crop which happened to be, as plaintiff's counsel candidly stated, "the best available object."

The assertion that exhibit 1 is a valid representative sample of merchandise imported some six years earlier is totally unsupported by any other evidence of record.

Thus, assuming *arguendo*, the witness' qualifications to testify in this area, his testimony which, in the main, was directed to a description of exhibit 1 and a comparison of its physical characteristics with those of cantaloupes, does not suffice to establish the nature or characteristics of the merchandise the subject of these protests. Therefore, apart from the testimony, our consideration of the common meaning of the tariff terms in issue would be of no avail absent proper identification of the shipments at bar.

For the foregoing reasons, we find that plaintiff has failed to overcome the presumption of correctness attaching to the classification herein.

The protests are overruled. Judgment will be entered accordingly.

(C.D. 4140)

---

[3] In the earlier *United Purveyors* case, the court held that, on the evidence, the importer had made a *prima facie* showing that certain melons exported from Panama in 1963 were not cantaloupes within the meaning of paragraph 752, Tariff Act of 1930, as modified by T.D. 51802. The classification schedules of that act have been superseded by the Tariff Schedules of the United States, pursuant to Pub. L. 87–456, 76 Stat. 72, known as the Tariff Classification Act of 1962.